## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| KIMBERLY McLAUGHLIN | : | |
| 241 Leon Avenue, | : | |
| Norwood, Pennsylvania 19074 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PHILLIES | : | |
| a/k/a   THE PHILLIES | : | |
| One Citizens Bank Way | : | |
| Philadelphia, Pennsylvania 19148-5249 | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

_____

## CIVIL ACTION COMPLAINT

1.  Plaintiff Kimberly McLaughlin files this complaint against the Philadelphia Phillies seeking to recover damages for employment discrimination and sexual harassment in violation of title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

2.  This court has jurisdiction over this action under 28 U.S.C. § 1331

3.  This action properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that Defendant resides in this judicial district and a substantial portion of events or omissions giving rise to this claim occurred in this judicial district.

4.  Plaintiff Kimberly McLaughlin is an adult citizen of Pennsylvania who resides at 241 Leon Avenue, Norwood, Pennsylvania 19074.

5. Defendant Philadelphia Phillies is a Pennsylvania corporation with an agent for service of process at Citizen's Bank Park, One Citizens Bank Way, Philadelphia, Pennsylvania 19148.

6. At all relevant times hereto, Plaintiff Kim McLaughlin was employed by the Defendant Philadelphia Phillies as an usher to work at baseball games in Veteran's Stadium in Philadelphia.

7. In and about September 2003 Defendant Philadelphia Phillies subjected Plaintiff Kimberly McLaughlin to severe, pervasive and unwelcome sexual harassment by an agent of Defendant, who worked as a security officer at Veteran's Stadium (hereinafter the "security officer").

8. The security officer was an agent of Defendant and was at all times relevant hereto employed by Defendant, and acting within the scope and course of his employment, and was under the control and supervision of Defendant.

9. The full name of the security officer is unknown to Plaintiff because Defendant has refused to identify him.

10. The security officer made unwanted and unwelcome sexual advances, unwanted and unwelcome sexual touching and unwanted and unwelcome verbal sexual advances directed at Plaintiff.

11. Plaintiff informed the security officer that such sexual behavior was unwanted and unwelcome and that the behavior must stop.

12. Plaintiff informed Defendant of the unwanted and unwelcome sexual behavior being committed by the security officer, and Plaintiff used the procedures and mechanisms to file complaints and grievances that were made available by Defendant.

13. Defendant failed to properly investigate Plaintiff's complaints or take the appropriate actions to stop the sexual harassment by allowing the security officer to continue in his employment in or around Plaintiff's location of employment, thereby allowing the harassment to continue.

14. At the time that the security office started to sexually harass Plaintiff, Plaintiff was eighteen years of age and the security officer was approximately 50 years old.

15. Plaintiff's work environment became so intimidating, hostile and offensive that Plaintiff was forced out of her employment.

16. Plaintiff suffered emotional distress as a result of the sexual harassment.

17. The severity of Plaintiff's emotional distress was multiplied by the fact that at the time of the harassment, Plaintiff's mother was a long term employee of Defendant, and worked at or near Plaintiff's location; accordingly Plaintiff suffered the additional emotional stress created by being sexually harassed at work while her mother witnessed the circumstances surrounding the harassment, including the actions and omissions of the Defendant that permitted the harassment, even after Plaintiff complained to Defendant about the harassment.

18. Plaintiff has incurred damages in the form of past lost earnings, future lost earnings, and emotional distress.

19. As a result of Defendant's unlawful action, Plaintiff filed charges with the U.S. Equal Opportunity Commission ("EEOC") in March 2004. A copy of letter from the EEOC to Plaintiff of March 25, 2004 acknowledging Plaintiffs charges against Defendant is attached hereto and marked as "Exhibit 1".

20. On October 4, 2004, Plaintiff received a right to sue letter from the EEOC. A copy of the EEOC right to sue letter of September 30, 2003 to Plaintiff is attached hereto and marked as Exhibit "2".

21. As demonstrated by these documents, all administrative prerequisites to the filing of this suit have been met.

22. Defendant knew, or had reason to know, or should have known that the security officer was sexually harassing or was likely to sexual harass Plaintiff and/or other employees of Defendant.

23. The actions of Defendant in relation to Plaintiff have been unlawful and outrageous, and as such Defendant should be held liable to Plaintiff for compensatory, actual and punitive damages, as well as reasonable attorney's fees and costs.

24. Accordingly, Plaintiff should be awarded compensatory, actual and punitive damages, as well as reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiff Kimberly McLaughlin prays for an award of compensatory, actual and punitive damages against Defendant Philadelphia Phillies to be determined by a jury, including all reasonable attorney's fees and costs of this action incurred by Plaintiff.

                                          **RESPECTFULLY SUBMITTED,**

Date: _____

Michael R. Luongo
Attorney for Plaintiff
Kimberly McLaughlin

325 Chestnut Street
Suite 1108
Philadelphia, PA 19106
215-829-0868
Fax (215)-829-1141