IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY McLAUGHLIN,                :
                                    :
                    Plaintiff,      :    CIVIL ACTION
                                    :    NO. 04-CV-6003
        v.                          :
                                    :
THE PHILLIES,                       :
                                    :
                    Defendant.      :

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of the motion of defendant The Phillies to dismiss the complaint and plaintiff's response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED and the complaint is dismissed with prejudice.

                                BY THE COURT:


                                _____
                                Surrick, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY McLAUGHLIN, | : |
| Plaintiff, | : CIVIL ACTION |
| | : NO. 04-CV-6003 |
| v. | : |
| THE PHILLIES, | : |
| Defendant. | : |

## MOTION OF DEFENDANT THE PHILLIES
## TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant The Phillies, by and through its undersigned counsel, hereby moves to dismiss the complaint for failure to state a claim upon which relief may be granted. In support of this motion, defendant incorporates herein by reference the attached brief in support of defendant's motion to dismiss the complaint and the documents attached as exhibits thereto.

Respectfully submitted,

Dated: March 2, 2005

Richard L. Strouse (I.D. No. 34490)
Attorney for Defendant
The Phillies

OF COUNSEL:
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500
Fax: (215) 864-8999

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY McLAUGHLIN, :
: 
                Plaintiff, :   CIVIL ACTION
:   NO. 04-CV-6003
v. :
:
THE PHILLIES, :
:
:
                Defendants. :

**BRIEF OF DEFENDANT THE PHILLIES
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

**I.**     **INTRODUCTION**

        Plaintiff Kimberly McLaughlin's claim against her former employer, The Phillies, for hostile work environment sexual harassment, which she may be contending resulted in her constructive discharge, should be dismissed because, as a matter of law, the allegations do not amount to sexual harassment. Similarly, her allegations are inadequate as a matter of law to establish constructive discharge.

        Plaintiff's complaint provides only broad, conclusory assertions and legal conclusions. It gives The Phillies and this Court no notice of plaintiff's factual account of the events underlying her claim. The complaint provides little more than the following contentions: In September 2003 plaintiff experienced "severe, pervasive and unwelcome sexual harassment" committed by an unnamed security guard employed by The Phillies. The Phillies failed to take appropriate action to prevent it from recurring. And, plaintiff's work environment "became so intimidating, hostile, and offensive that plaintiff was forced out of her employment." The Court is not required to accept such naked contentions in ruling on a motion to dismiss.

Plaintiff's factual account of her claim, however, is a matter of public record and may be considered by the Court in ruling on this motion to dismiss. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in which she set forth her factual allegations. (A true and correct copy of plaintiff's Charge of Discrimination is attached as Exhibit A.)[1] Construing the complaint in light of plaintiff's sworn declaration of the facts, and in a manner that does substantial justice, this Court should find that plaintiff has failed to state a claim and the complaint should be dismissed.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff was employed by The Phillies as an usher during the team's 2003 season. (Complaint ¶ 6). As such, she worked only at home games in Veterans Stadium. Plaintiff's alleged harasser was a security guard employed by The Phillies. (Complaint ¶ 7). The nature and extent of the alleged harassment are reflected in plaintiff's allegations made before the EEOC.

---

[1] Administrative filings may be considered by a district court ruling on a Rule 12(b)(6) motion because they are part of the public record. Mullen v. Topper's Salon & Health Spa, Inc., 99 F. Supp. 2d 553, 554n1. (E.D. Pa. 2000) (plaintiff's EEOC charge considered); Fosburg v. Lehigh Univ., No. 98-CV-864, 1999 U.S. Dist. LEXIS 2833 at *6 (E.D. Pa. Mar. 4, 1999) (same). In addition, the Third Circuit has ruled that "documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court." Pryor v. National Collegiate Athletic Association, 288 F. 3d 548, 560 (3rd Cir. 2002). Here, plaintiff referred to her EEOC charge in paragraph 19 of the complaint, the charge was a necessary prerequisite to the filing of the complaint and it contains a sworn statement by plaintiff as to the facts forming the basis of her claim that she is entitled to relief under Title VII. In the alternative, to the extent the Court determines that consideration of plaintiff's EEOC Charge of Discrimination should not be considered on a motion to dismiss, the Court may convert this motion to one for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12 (b).

2

A. **Plaintiff's Factual Allegations Made Before the EEOC**

In the Charge of Discrimination filed with the EEOC, plaintiff swore to the following facts as the basis for her claim of sexual harassment:

> The harassment I experienced was verbal and physical, and involved Ray calling me "baby," referring to me as the "pretty one," and kissing me once without my permission. I was so surprised by the older person's action that I failed to tell him not to repeat it. Instead, I complained to my supervisor, Ms. Monsi, who told me to "deal with it." The employer moved me to another work location as part of their resolution. I felt I had no alternative but to quit.

(Exhibit A.) In addition, plaintiff identified "16-Sep-2003" as the "earliest" date on which discrimination took place and "27-Sep-2003" as the "latest." (Exhibit A.)

B. **Plaintiff's Conclusory Allegations in the Complaint**

The complaint filed in this action offers only the following conclusory averments to (ostensibly) show that plaintiff was the victim of actionable sexual harassment:

> In and about September 2003 Defendant Philadelphia Phillies subjected Plaintiff Kimberly McLaughlin to <u>severe, pervasive and unwelcome sexual harassment</u> by an agent of Defendant, who worked as a security officer at Veteran's Stadium (hereinafter the "security officer").

(Complaint ¶ 7) (emphasis added.)[2]

> The security officer made unwanted and unwelcome sexual advances, unwanted and unwelcome sexual touching

---

[2] Emphasis has been added to bring to the Court's attention the only items that plaintiff arguably might contend constitute factual allegations. In fact, they are mere legal conclusions unsupported by the factual allegations plaintiff provided to the EEOC.

3

>  and unwanted and unwelcome verbal sexual advances directed at Plaintiff.

(Complaint ¶ 10) (emphasis added.)

> Plaintiff informed the security officer that such sexual behavior was unwanted and unwelcome and that the behavior must stop.

(Complaint ¶ 11.)

> Plaintiff informed Defendant of the <u>unwanted and unwelcome sexual behavior</u> being committed by the security officer, and Plaintiff used the procedures and mechanisms to file complaints and grievances that were made available by Defendant.

(Complaint ¶ 12) (emphasis added.)

> Defendant failed to properly investigate Plaintiff's complaints or take the appropriate actions to stop the sexual harassment by allowing the security officer to continue in his employment in or around Plaintiff's location of employment, thereby allowing the harassment to continue.

(Complaint ¶ 13.)

> Plaintiff's work environment became so <u>intimidating, hostile and offensive</u> that Plaintiff was forced out of her employment.

(Complaint ¶ 15) (emphasis added.)

> Defendant knew, or had reason to know, or should have known that the security officer was <u>sexually harassing</u> or was likely to sexual harass Plaintiff and/or other employees of Defendant.

(Complaint ¶ 22) (emphasis added.)

These paragraphs, each of which is provided in its entirety, constitute the sum total of information set forth in the complaint to establish the elements of plaintiff's sexual harassment claim. Several items sworn to by the plaintiff in her EEOC charge noticeably are absent from the pleading:

4

- The specifics of the alleged harasser's conduct ("baby," "the pretty one," and a single kiss).

- The fact that The Phillies moved her to another work location as part of its attempt to resolve the situation.

- The fact that plaintiff chose to quit – i.e., that she was not "forced out."

- The fact that the entire period during which the harassment allegedly occurred was a period of only twelve days, from September 16, 2003 to September 27, 2003.

Moreover, the complaint contradicts plaintiff's earlier sworn statement in that she now contends that she <u>did</u> tell her alleged harasser to stop his behavior. (Complaint ¶ 11). In short, the complaint is pled entirely in ambiguous, conclusory language that attempts to obscure the factual inadequacy of plaintiff's claim.

## III. ARGUMENT

The complaint should be dismissed because it fails to state a claim for which relief may be granted. As a matter of law, plaintiff's allegations do not rise to the level of sexual harassment. Nor are they sufficient to establish a constructive discharge.

### A. **Standard For Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6).**

On a motion to dismiss pursuant to Rule 12(b)(6), the Court is required to accept as true all well-pled allegations in the complaint and all reasonable inferences that can be drawn therefrom and to view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The complaint must be dismissed if it appears that plaintiff can prove no set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

5

While a court should accept as true all well-pled allegations, it should not accept unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). In Hospicomm, Inc. v. Fleet Bank, N.A., 338 F. Supp. 2d 578, 580 (E.D. Pa. 2004 (Surrick, J.), this Court observed, "Though Rule 8(a)'s 'plain statement' requirement is construed quite liberally, the court need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss" (quoting Morse v. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1997)). See also Kost v. Kozakiewicz, 1 F.3d 176, 183 (3rd Cir. 1993) (court "not required to accept legal conclusions either alleged or inferred from pleaded facts").

Moreover, "conclusory allegations are not acceptable…where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves." Plasko v. City of Pottsville, 852 F. Supp. 1258, 1261 (E.D. Pa. 1994). In dismissing a sexual harassment claim brought under Title IX of the Civil Rights Act of 1964 as amended, this Court articulated the pleading standard as follows:

> Although plaintiff need not set out in detail the facts upon which the claim is based, she must allege sufficient facts and must state all the material elements for recovery under the relevant legal theory….While a heightened pleading standard may not be applied in civil rights cases, it is necessary to set forth factual allegations sufficient to satisfy Federal Rule of Civil Procedure 8(a).

O'Hara v. Colonial Sch. Dist., No. 99-CV-399, 2002 U.S. Dist. LEXIS 12153, at *6-7, (E.D. Pa. Mar. 25, 2002) (citations omitted) (Surrick, J.).

In ruling on motions to dismiss under Rule 12(b)(6), this Court has observed that "courts have an obligation in matters before them to view the complaint as

6

a whole and to base a ruling not on the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable. We draw on the allegations of the Complaint, but in a realistic, rather than a slavish manner." Wiener v. Banner Life Ins. Co., No. 02-1351, 2003 U.S. Dist. LEXIS 4957, at *8-9 (E.D. Pa. Feb. 28, 2003) (Surrick, J.) (quoting City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3rd Cir. 1998).

Similarly, courts should take into account the reality of the factual situation when determining whether to grant leave to amend an inadequate complaint. As this Court has observed:

> Rule 15(a) of the Federal Rules of Civil Procedure provides "leave [to amend] shall be freely given when justice so requires." Nevertheless, courts have discretion to deny a request to amend if it is apparent from the record that…"the amendment would be futile"….Lake v. Arnold, 232 F.3d 360, 373 (3rd Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222 83 S. Ct. 227 (1962)); Burlington Coat Factory Sec. Litig., 114 F.3d at 1410, 1434 (3rd Cir. 1997). A futile amendment is one that would lead to an amendment that is susceptible to a motion to dismiss under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. Burlington Coat Factory Sec. Litig., 114 F.3d at 1434.

Kusner v. Hepburn, Wilcox, Hamilton & Putnam, No. 00-6313, 2001 U.S. Dist. LEXIS 24209, at *10-11, Civ. Action (E.D. Pa. Nov. 21, 2001) (Surrick, J.). Thus, the Court should consider the factual scenario underlying plaintiff's hostile work environment claim when determining whether to grant plaintiff leave to amend to cure the deficiencies in her pleading.

**B.     The Complaint Fails to State a Claim and Should Be Dismissed.**

The alleged wrongdoing by a co-worker does not rise to the level required as a matter of law to establish a hostile work environment based on sexual harassment.

7

Even if true, the factual allegations that plaintiff set forth in her sworn Charge of Discrimination before the EEOC are not severe and pervasive enough to rise to the level of actionable sexual harassment. Further, by plaintiff's own account in the EEOC Charge, The Phillies took action to stop the harassment by separating plaintiff from the employee about whom she complained. Given that there are no factual allegations of sexual harassment occurring after such action was taken, plaintiff cannot establish respondeat superior liability on the part of The Phillies.

"For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986) (quotations omitted). The Supreme Court has "made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment." Faragher v. Boca Raton, 524 U.S. 775, 788 (1998).

According to the Third Circuit, in order to have a claim for a sexually hostile work environment where, as here, the plaintiff claims a co-worker sexually harassed her, she must establish: "(1) [she] suffered intentional discrimination because of [her] sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability." Andrews v. Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990); see also Cardenas v. Massey, 269 F.3d 251, 260-61 (3d Cir. 2001) (applying the five factors

to a hostile work environment claim); Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. 2001) (same).[3]

Applying these elements, it is clear that plaintiff's allegations do not establish a claim for hostile work environment sexual harassment. The complaint does not provide notice of the alleged factual basis for each element. To the contrary, the illusory pleading style suggests that no such legally sufficient facts exist. If a plaintiff fails to allege the facts supporting each element of her claim, the claim should be dismissed. See O'Hara v. Colonial Sch. Dist., 2002 U.S. Dist. LEXIS 12153 at *6.

### 1. The Alleged Discrimination Was Not Pervasive Or Severe.

The purported conduct in this case was not sufficiently pervasive or severe to have altered the conditions of plaintiff's employment and create an abusive working environment. See Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986). Hostility is viewed under the totality of the circumstances. Knabe v. Boury Corp., 114 F.3d 407, 410 (3d Cir. 1997). As this Court has opined:

> The Third Circuit has held that "harassment is pervasive when incidents of harassment occur in concert or with regularity." [Andrews, 895 F. 2d at 1484 (internal quotations omitted)]....Whether an environment is hostile and therefore actionable can be determined only by looking at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance;

---

[3] In her Charge of Discrimination, Charging Party suggests that she was constructively discharged. Constructive discharge, however, is only an issue in supervisor harassment cases in determining whether there was a tangible employment action and, accordingly, whether the employer can offer an affirmative defense. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764 (1998). As the alleged conduct in this case is by a co-worker, and not a supervisor, that analysis is inapplicable, and instead the Andrews five-prong test should be applied. Andrews, 895 F.2d at 1482.

> and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). "Allegations of isolated or single incidents of harassment do not constitute a cognizable hostile work environment claim." Saidu-Kamara v. Parkway Corp., 155 F. Supp. 2d 436, 439 (E.D. Pa. 2001)(citing Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 482 (3rd Cir. 1997).

EEOC v. Rose Casual Dining, L.P., 2004 U.S. Dist. LEXIS 4335, No. 02-7485 at *9-10, (E.D. Pa. Mar. 5, 2004) (Surrick, J.). Thus, casual, isolated or sporadic incidents are insufficient to support a claim of harassment. Bonora v. UGI Utilities, Inc., No. 99-5539, 2000 U.S. Dist. LEXIS 15172, at *11-12 (E.D. Pa. Oct. 18, 2000).

In this case, the security guard's alleged remarks that she was "the pretty one" and "baby" and his one-time kiss on her cheek do not rise to the level of pervasive or severe conduct necessary to demonstrate sexual harassment. Courts repeatedly have held that conduct far more severe than that alleged by plaintiff did not constitute pervasive or severe harassment. See, e.g., Seldomridge v. Uni-Marts, Inc., No. 99-469 2001 WL 771011, at *8 (July 10, 2001) (granting summary judgment to the employer based on absence of pervasive or severe conduct, despite evidence that supervisor told the plaintiff that he would come out of the bathroom wearing "nothing but a cigarette"); Bonora, 2000 U.S. Dist. LEXIS 15172 at *15-16 (granting summary judgment to the employer despite evidence that harasser touched the employee on the waist, brushed against her buttocks on two to four occasions, bumped her backside and looked at her chest); Bishop v. National R.R. Passenger Corp., 66 F. Supp. 2d 650 (E.D. Pa. 1999) (no hostile work environment when supervisor made sexual comments to employees including that "he loved big women and he loved women with big breasts," commented on employees' body parts, asked one employee out on a date, asked about the employees' personal lives and stared, glared and leered at the employees); DeCesare v. National R.R.

Passenger Corp., No. 98-3851, 1999 WL 330258 (E.D. Pa. May 24, 1999), aff'd, 254 F.3d 1077 (3d Cir. 2001) (table) (no hostile work environment when supervisor told the employee "That's a dangerous position for a woman…like you to be in" as she leaned over a table, stared at her rolling his tongue across his lips and grabbed and rubbed his crotch in front of the employee).

Similarly, in Bauder v. Wackenhut Corp., No. 99-1232, 2000 WL 340191 (E.D. Pa. Mar. 23, 2000), the employee alleged a series of incidents by a number of co-workers over two months: one of her references was asked whether the employee previously had been a man and whether she had previously seen the employee naked; male co-workers discussed the placement of tattoos on the employee's body; one of the employee's supervisors telephoned her very late at night; and a co-worker actually grabbed her buttocks. Id. at *4. Nonetheless, the court granted summary judgment to the employer finding that the alleged conduct was not sufficiently severe or pervasive to state a sexual harassment claim. Id. at *4. Further, in McLaughlin v. Pennsylvania, No. 98-CV-2686, 1999 WL 58658 (E.D. Pa. Jan. 25, 1999), the court granted summary judgment to the employer because it found the twelve incidents of harassment by a large number of co-workers were "few in number and all but the last one occurred within a brief period of time – four months." Id. at *4.

Here, the alleged conduct clearly was not pervasive or severe. Even if plaintiff genuinely considered it to be sufficiently pervasive or severe to warrant her resignation, that is not enough. A sexual harassment claimant must show not only that she was detrimentally affected by the conduct, but also that the complained-of conduct would detrimentally affect a reasonable person of the same sex in that position.

11

Andrews, 895 F.2d at 1482. The guard's alleged comments to plaintiff and a single kiss on the cheek amounted to, at most, sporadic and casual misconduct over an twelve-day period.[4] It was not severe or pervasive enough to drive a reasonable person to quit. It, therefore, did not create a legally actionable hostile work environment. Moreover, the complaint concedes this crucial point. It fails to provide even a boilerplate, conclusory allegation that the harassment to which plaintiff allegedly was subjected would detrimentally affect a reasonable woman in the same position.

### 2. There Is No Respondeat Superior Liability Because The Phillies Took Prompt And Effective Remedial Action.

The Phillies is not vicariously liable for any inappropriate comments/actions of its former employee, the security guard who committed the alleged harassment. According to the Third Circuit, when co-worker harassment is alleged, the employer is not liable unless the employer "knew or should have known of the harassment and failed to take prompt remedial action." Andrews, 895 F.2d at 1486. "Adequate remedial action is action 'reasonably calculated to prevent further harassment.'" EEOC v. Rose Casual Dining, 2004 U.S. Dist. LEXIS 4335, at *16 (quoting Knabe v. Boury Corp., 114 F.3d 407, 412 n.8 (3d Cir. 1997)). "In other words, an employer is only liable for a hostile work environment under Title VII if the employer is negligent in responding to incidents of sexual harassment." Id. (citing Bouton v. BMW of N. Am., 29 F.3d 103, 107 (3rd Cir. 1994). Punitive action against the harasser, such as

---

[4] It should be noted that, as game day employees of The Phillies, plaintiff and her alleged harasser could have worked together – at most – for only a limited number of hours per day and only on those days during the twelve day period when The Phillies were playing at home. In truth, the alleged incidents occurred on only one or two days during that twelve day period.

12

termination or transfer, is not necessary in order for the remedy to be adequate. In <u>Kunin v. Sears Roebuck and Co.</u>, 175 F.3d 289, 294 (3d Cir. 1999), the Third Circuit explained that merely instructing a harassing employee to stay away from the complaining employee can be a sufficient remedy to alleged harassment. <u>Id.</u> at 294. Likewise, in <u>Knabe</u>, the Third Circuit found the remedial action adequate when the employer warned the harasser that the harassing conduct would not be tolerated, it instructed the harasser to return the employee to the work schedule and it told the employee to contact the company if there were any other incidents of harassment. <u>Knabe</u>, 114 F.3d at 413.

Here, The Phillies took prompt and effective remedial action by, among other things, separating the employees involved. Plaintiff's sworn declaration of the facts (Exhibit A) establishes that The Phillies did take such an action and that this remedial action was only "part of" its resolution of the matter.[5] While the EEOC Charge mentions this remedial action by The Phillies (separating the employees' work locations), it contains no allegation that the harassment continued after that action was taken. The complaint includes a conclusory statement that The Phillies allowed the harassment to continue after plaintiff reported it, but it offers no information about the harassment that supposedly followed. (Complaint ¶¶ 12-13). It, therefore, is legally deficient.

IV. **CONCLUSION**

Plaintiff sues The Phillies but has attempted to withhold the factual basis of her claim in order to survive an attack on the pleadings. Nevertheless, plaintiff's factual allegations are part of the public record. The Court should consider all of

---

[5] While not a part of the record at this point in time, The Phillies, in fact, took additional prompt remedial action.

13

plaintiff's factual allegations in the public record and, construing the complaint in a manner to do substantial justice (Fed. R. Civ. P. 8(f)), dismiss the complaint for failure to state a claim.

Accordingly, The Phillies respectfully requests that this Court grant its motion to dismiss the complaint with prejudice and enter any further relief deemed just and appropriate by the Court.

Dated: March 2, 2005

Richard L. Strouse (I.D. No. 34490)
Attorney for Defendant
The Phillies

OF COUNSEL:
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500
Fax: (215) 864-8999

## CERTIFICATE OF SERVICE

I, Richard L. Strouse, hereby certify that on this date the foregoing Proposed Order, Motion of Defendant The Phillies to Dismiss the Complaint and Brief in support thereof have been filed electronically and are available for viewing and downloading from the ECF system. I further certify that I caused the same to be served upon plaintiff by sending true and correct copies of the same to plaintiff's counsel via U.S. Mail, postage prepaid, addressed as follows:

>Michael Luoungo, Esquire
>Dougherty & Luoungo, P.C.
>325 Chestnut Street, Suite 1108
>Philadelphia, Pennsylvania 19106

Date:   March 2, 2005                                Richard L. Strouse

# EXHIBIT A

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA ☒ EEOC

Agency(ies) Charge No(s): 170-2004-00829

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

**Name:** Kimberly Mclaughlin
**Home Phone No.:** (610) 524-8984
**Date of Birth:** 10-20-1984
**Street Address:** 241 Leon Ave., Norwood, PA 19074

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name:** PHILADELPHIA PHILLIES
**No. Employees, Members:** 15 - 100
**Phone No.:** (215) 463-6000
**Street Address:** P.O. Box 7575, Philadelphia, PA 19101

**DISCRIMINATION BASED ON:** ☒ SEX

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 16-Sep-2003
Latest: 27-Sep-2003

**THE PARTICULARS ARE:**

I have been employed as a Hostess since 2001. Beginning September 17, 2003, I was harassed due to my sex, female, by Ray (last name unknown), a Security Guard on gate E. Liz Depremio, Kathy Stamos and Bonnie Easlack were similarly harassed by this same person. They each reported the harassment to Bernadette Monsi, Hostess Supervisor.

The harassment I experienced was verbal and physical, and involved Ray calling my "baby", referring to me as the "pretty one", and kissing me once without my permission. I was so surprised by the older person's action that I failed to tell him not to repeat it. Instead, I complained to my supervisor, Ms. Monsi, who told me to "deal with it". The employer moved me to another work location as part of their resolution. I felt that I had no alternative but to quit.

*[JAN 2004 Received EEOC - Philadelphia District Office stamp]*

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Date:** Jan 05, 2004
**Charging Party Signature:** [signed] Kimberly Mclaughlin

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)