# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY McLAUGHLIN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 04-cv-6003 |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PHILLIES | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2005, upon consideration of the motion of defendant Philadelphia Phillies to dismiss the complaint of plaintiff Kimberly McLaughlin and all responses thereto, it is hereby ORDERED and DECREED that the defendant's Motion is DENIED.

BY THE COURT:

_____
Surrick, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| KIMBERLY McLAUGHLIN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 04-cv-6003 |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PHILLIES | : | |
| | : | |
| Defendant. | : | |

---

**PLAINTIFF KIMBERLY MCLAUGHLIN'S OPPOSITION TO DEFENDANT PHILADELPHIA PHILLIES'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Kimberly McLaughlin, by and through her attorney, hereby opposes Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for the reasons set forth in Plaintiff's Memorandum of Law, which is attached hereto and is hereby incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff Kimberly McLaughlin respectfully requests that this Honorable Court deny Defendant's Motion.

**RESPECTFULLY SUBMITTED,**

Date:  March 24, 2005

__s/Michael R. Luongo_____
Michael R. Luongo
Attorney for Plaintiff
Kimberly McLaughlin

325 Chestnut Street, Suite 1108
Philadelphia, PA 19106
215-829-0916

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KIMBERLY McLAUGHLIN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 04-cv-6003 |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PHILLIES | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF KIMBERLY MCLAUGLIN'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Kimberly McLaughlin, by and through her attorney, submits the following memorandum of law in opposition to Defendant's Motion to Dismiss Plaintiff's Complaint as follows:

**I.  INTRODUCTION**

Plaintiff Kimberly McLaughlin filed a civil action complaint alleging that her ex-employer, the Philadelphia Phillies (hereinafter the "Phillies"), is liable to her for compensatory and punitive damages for employment discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991. Plaintiff's Complaint sets forth sufficiently specific facts to place Defendant on notice of the basis of Plaintiff's claim for damages.

## II.    FACTS

Plaintiff's civil action complaint avers that plaintiff was employed by defendant to work at baseball games as an usher. See Plaintiff's Complaint at ¶ 6. In or about September 2003, defendant who was eighteen years olds at the time was subjected to severe, pervasive and unwanted sexual harassment by an agent of defendant who was a security officer (hereinafter the "security officer") at Veteran's Stadium. See Plaintiff's Complaint at ¶ 7.

Plaintiff further avers that security officer was at all times an agent of defendant and at all times acting within the scope and course of his employment, and it was at all times under the control and supervision of defendant. See Plaintiff's Complaint at ¶ 8. The complaint specifically alleges that the security officer made unwanted and unwelcome sexual advances, unwanted and unwelcome sexual touching and unwanted and unwelcome sexual advances directed at plaintiff. See Plaintiff's Complaint at ¶ 10.

Plaintiff alleges that the security officer was informed and directed that such sexual behavior was unwanted and unwelcome and must stop. See Plaintiff's Complaint at ¶ 11. Furthermore, plaintiff alleges that she informed the management of defendant Philadelphia Phillies of the unwanted and unwelcome sexual behavior being committed by the security officer. See Plaintiff's Complaint at ¶ 12. In fact, plaintiff used defendant's procedures and mechanisms to complain about the security officer's actions that were made available to her by defendant. See Plaintiff's Complaint at ¶ 12.

Instead of properly investigating plaintiff's complaints or taking action to stop the sexual harassment of plaintiff, defendant allowed the security officer to continue in his employment, and to work near the location where plaintiff worked, thereby permitting defendant's behavior to continue.  See Plaintiff's Complaint at ¶ 13.

The complaint further alleges that plaintiff was eighteen years old at the time of the incident, while the security officer was approximately fifty years old. See Plaintiff's Complaint at ¶ 14.  Furthermore, plaintiff suffered emotional distress as a result of the harassment, the severity of which was multiplied by the fact that during the time that the plaintiff was being sexually harassed, the spectacle of her harassment was witnessed by plaintiff's mother, who was also employed by defendant on a long-term basis.  See Plaintiff's Complaint at ¶ 17.

Plaintiff's complaint alleges that defendant is liable for damages in the form of past lost earnings, future lost earnings and emotional distress.   See Plaintiff's Complaint at ¶ 18.  It is specifically plead that plaintiff satisfied all of the procedural requirements for filing a civil action for sexual harassment including the facts that plaintiff filed charges with U. S. Equal Employment Opportunity Commission and received a right to sue letter from the EEOC in October 2004.  See Plaintiff's Complaint at ¶ 19 and 20.

Finally, plaintiff's complaint avers that defendant knew or had reason to know that security officer was sexually harassing defendant, and that the defendant's actions in relation to defendant were unlawful and outrageous,

entitling plaintiff to recover compensatory, actual and punitive damages, as well as attorney's fees and costs. See Plaintiff's Complaint at ¶ 23.

**III.   ARGUMENT**

    **a.   Defendant's Motion to Dismiss Attempts to Apply a Heightened Pleading Standard to Federal Court Litigation**

Defendant has moved this court to dismiss plaintiff's complaint averring that plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff's complaint provides "only broad, conclusory assertions and legal conclusions", which fails to put defendant on notice of plaintiff's factual account of the events underlying the claim.

The Federal Rules of Civil Procedure clearly state that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Pro. 8(a)(2) See Swierkiewics v. Soreman, N.A., 534 U.S. 506, 508, 122 S. Ct. 992, 996 (2002).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974). See also, Rider v. Comm. of Pennsylvania 850 F 2d. 982, 997 (3d. Cir. 1988).

The courts recognize that the federal pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, supra, at 998, see generally, Leatherman v. Tarrant County Narcotics Intelligence and

Coordination Unit, 507 U.S. 163, 168-169, 113 S. Ct. 1160, 122 L. Ed. 2d. 517 (1993), see also, J.D. Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). Accordingly,

> [t]he provisions for discovery are so flexible and the provisions for summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for inspection of the court.

Id. citing, 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

In the case at hand defendant moves for the dismissal of plaintiff's complaint based on defendant's assertions that plaintiff's complaint is nothing but "conclusory allegations". Defendant asserts that plaintiff's complaint is completely devoid of any facts to support the claim that plaintiff was sexually harassed while employed by the Phillies.

Furthermore, defendant's motion to dismiss cites to numerous district court cases which held that a complaint should be dismissed if it fails to set forth any facts to support the legal conclusion that the defendant is liable to the plaintiff for damages. However, defendant's motion fails to take the next step and analyze the facts that were plead in plaintiff's complaint in this case.

Although defendant correctly states the law that a complaint cannot survive a motion to dismiss without setting forth factual averments as a basis for plaintiff's claims, defendant ignores the numerous and specific factual allegations in plaintiff's complaint. The Federal Rules of Civil Procedure provide that a complaint must only provide a plain and short statement of the facts giving rise to

the claim so that the defendant is put on notice of the factual and legal allegations being brought in the lawsuit.

Defendant's contention that plaintiff's complaint does not provide the Phillies with notice of the factual basis of plaintiff's claim is disingenuous. The federal rules do not require a blow by blow dramatization reenacting every vulgar and unsavory comment made to plaintiff by defendant' s agent the security officer. The facts averred in plaintiff's complaint provide adequate notification to defendant of the basis for her claims for damages in this case.

Accordingly, defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) should be denied.

### IV.   CONCLUSION

For all the foregoing reasons defendant's motion to dismiss Plaintiff's complaint should be denied.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's Complaint.

Date:   March 24, 2005                           s/Michael R. Luongo
                                                 Michael R. Luongo
                                                 Attorney for Plaintiff
                                                 Kimberly McLaughlin

## VERIFICATION

I, Michael R. Luongo, am attorney for Plaintiff Kimberly McLaughlin, and I hereby state that I am acquainted with the facts set forth in the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss and that the same are true and correct to the best of my knowledge, information and belief.  This verification is being made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

Date:   March 24, 2005                              s/Michael R. Luongo_____
                                                    Michael R. Luongo

## CERTIFICATE OF SERVICE

I, Michael R. Luongo, am the attorney for Plaintiff Kimberly McLaughlin and I hereby certify that, on this date, I have served a true and correct copy of the attached Plaintiff's Opposition to Defendant's Motion to Dismiss by first-class U.S. Mail upon the following:

Richard L. Strouse
Ballard Spahr
1735 Market Street
51st Floor
Philadelphia, PA  19103