IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY MCLAUGHLIN        :
                           :   CIVIL ACTION
                           :
v.                         :
                           :   NO. 04-CV-6003
                           :
PHILADELPHIA PHILLIES  :

### ORDER

AND NOW, this 12th day of July, 2005, upon consideration of the Motion Of Defendant Philadelphia Phillies To Dismiss The Complaint Pursuant To Federal Rule Of Civil Procedure 12(b)(6) (Doc. No. 4), and all papers filed in support thereof and in opposition thereto, it is ORDERED that Defendant's Motion is DENIED.[1]

---

[1] Defendant's Motion attaches the administrative charge of discrimination that Plaintiff filed with the Equal Employment Opportunity Commission. In reviewing the merits of a motion to dismiss, we may consider a plaintiff's administrative charge, even though it is not attached to the complaint, without converting the motion into one for summary judgment. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *Mullen v. Topper's Salon & Health Spa, Inc.*, 99 F. Supp. 2d 553, 555 n.1 (E.D. Pa. 2000). Plaintiff's Complaint and her charge of discrimination, which is referred to in Plaintiff's Complaint and is central to her claim, satisfy the requirements of Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8(a)(2) (A pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Moreover, we note that much of the case law on which Defendant relies to support its argument arose in the context of summary judgment and Federal Rule of Civil Procedure 56, after discovery. *See Knabe v. Boury Corp.*, 114 F.3d 407, 408 (3d Cir. 1997) (affirming district court's grant of summary judgment to defendant); *EEOC v. Rose Casual Dining Corp., L.P.*, Civ. A. No. 02-7485, 2004 U.S. Dist. LEXIS 4335, at *2 (E.D. Pa. Mar. 5, 2004) (denying defendants' motion for summary judgment); *Seldomridge v. Uni-Marts, Inc.*, Civ. A. No. 99-496, 2001 U.S. Dist. LEXIS 9491, at *2 (D. Del. July 10, 2001) (granting defendant's motion for summary judgment); *Bonora v. UGI Utils., Inc.*, Civ. A. No. 99-5539, 2000 U.S. Dist. LEXIS 15172, at *1 (E.D. Pa. Oct. 18, 2000) (granting in part and denying in part defendant's motion for summary judgment); *Bauder v. Wackenhut Corp.*, Civ. A. No. 99-1232, 2000 U.S. Dist. LEXIS 4044, at *1 (E.D. Pa. Mar. 23, 2000) (granting defendant's motion for summary judgment); *Bishop v. Nat'l R.R. Passenger Corp.*, 66 F. Supp. 2d 650, 669 (E.D. Pa. Oct. 7, 1999) (granting defendant's motion for summary judgment); *DeCesare v. Nat'l R.R. Passenger Corp.*, Civ. A. No. 98-3851, 1999 U.S. Dist. LEXIS 7560, at *2 (E.D. Pa. May 24, 1999) (granting defendant's

dockets.Justia.com

    IT IS SO ORDERED.

                                                BY THE COURT:

                                                S:/R. Barclay Surrick, Judge

---

motion for summary judgment); *McLaughlin v. Pennsylvania*, Civ. A. No. 98-2686, 1999 U.S. Dist. LEXIS 571, at *10, *14 (E.D. Pa. Jan. 25, 1999) (granting in part and denying in part defendant's motion for summary judgment).