## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY McLAUGHLIN,

      Plaintiff,

  v.

PHILADELPHIA PHILLIES
a/k/a THE PHILLIES,

      Defendant.

:
:
:
:
:
:   Civil Action No.: 04-cv-6003
:
:
:
:
:

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT TO PLAINTIFF'S COMPLAINT

Defendant, The Phillies (incorrectly identified in the complaint as "Philadelphia Phillies a/k/a/ The Phillies"), by its undersigned counsel, for its answer to the complaint of plaintiff Kimberly McLaughlin:

1.     Denies the allegations in paragraph 1, except admits that plaintiff's complaint seeks to recover damages for alleged employment discrimination and sexual harassment.

2.     States that the allegation in paragraph 2 is a conclusion of law to which no response is required and therefore is denied.

3.     States that the allegations in paragraph 3 are conclusions of law to which no response is required and therefore are denied, except states that its address is in Philadelphia, Pennsylvania.

4.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

Dockets.Justia.com

5.     Denies the allegations in paragraph 5, except states that The Phillies' address is Citizens Bank Park, One Citizens Bank Way, Philadelphia, Pennsylvania 19148-5249.

6.     States that it is without knowledge or information sufficient to form a belief as to the meaning of the phrase, "At all relevant times" and on that basis denies the allegation in paragraph 6, except admits that plaintiff was employed by The Phillies to work in Veterans Stadium as an usher at home games of the Philadelphia Phillies during the 2003 Major League Baseball season.

7.     Denies the allegations in paragraph 7.

8.     Denies the allegations in paragraph 8.

9.     Denies the allegations in paragraph 9.

10.    Denies the allegations in paragraph 10.

11.    Denies the allegations in paragraph 11.

12.    Denies the allegations in paragraph 12.

13.    Denies the allegations in paragraph 13.

14.    Denies the allegations in paragraph 14.

15.    Denies the allegations in paragraph 15.

16.    Denies the allegations in paragraph 16.

17.    Denies the allegations in paragraph 17.

18.    Denies the allegations in paragraph 18.

19.    Denies the allegations in paragraph 19, except admits that plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Exhibit 1 to the complaint and therefore denies them.

20.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     States that the allegation in paragraph 21 is a conclusion of law to which no response is required and is therefore denied.

22.     Denies the allegations in paragraph 22.

23.     States that the allegations in paragraph 23 are conclusions of law to which no response is required and therefore are denied, specifically denies that it has committed or allowed any unlawful or outrageous conduct and denies that it is liable to plaintiff under any legal theory.

24.     States that the allegations in paragraph 24 are conclusions of law to which no response is required and therefore are denied and specifically denies that plaintiff should be awarded any recovery or remedy.

**WHEREFORE,** defendant The Phillies denies that plaintiff is entitled to the relief sought in her complaint, or to any relief whatsoever, and asks that the Court enter judgment in its favor and that it award The Phillies its costs and disbursements in this action, including attorneys' fees and such other relief as the Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not violate any duty to or right of plaintiff.

### THIRD AFFIRMATIVE DEFENSE

At all relevant times, defendant acted reasonably, in good faith and with due diligence towards plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's actions with respect to plaintiff were taken for legitimate, non-discriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

Defendant acted reasonably to prevent any harassing or discriminatory conduct and plaintiff failed to act reasonably to take advantage of defendant's policies and procedures designed to prevent and remedy harassment and discrimination.  Defendant initiated a timely and appropriate investigation of plaintiff's allegations and took prompt action to remedy any inappropriate conduct.

## SIXTH AFFIRMATIVE DEFENSE

The actions alleged by plaintiff to have taken place were not severe or pervasive enough to rise to the level of actionable sexual harassment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned and failed to cooperate with the investigation of her allegations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was not constructively discharged.

## NINTH AFFIRMATIVE DEFENSE

Defendant is not liable for the harassment allegedly committed by its employee, if it occurred at all, because such conduct was prohibited by defendant and falls outside the course and scope of the alleged harasser's employment.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not liable for the harassment allegedly committed by its employee, if it occurred at all, because defendant had no actual or constructive knowledge of such conduct when it was occurring.

## ELEVENTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by plaintiff's own conduct, acts or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff either has failed to mitigate her damages, if any, or has fully mitigated her damages.

WHEREFORE, Defendant The Phillies requests that judgment be entered in its favor and against plaintiff Kimberly McLaughlin and that The Phillies be awarded its costs and disbursements in this action, including attorneys' fees and such other relief as the Court deems just and proper.

Dated:  July 21, 2005                    /s/ Richard L. Strouse
                                         Richard L. Strouse
                                         Attorney I.D. No.: 34490
                                         Attorney for Defendant The Phillies

OF COUNSEL:
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

## CERTIFICATE OF SERVICE

I, Samuel R. King, hereby certify that a true and correct copy of the foregoing

Answer and Affirmative Defenses of Defendant The Phillies to Plaintiff Kimberly McLaughlin's

Complaint has been filed electronically on this date and is available for viewing and

downloading from the ECF system.  I further certify that I caused the foregoing Answer and

Affirmative Defenses of Defendant The Phillies to Plaintiff Kimberly McLaughlin's Complaint

to be served on plaintiff by sending a true and correct copy of the same via first class mail,

postage pre-paid, to plaintiff's attorney addressed as follows:


Michael Luongo, Esquire
Dougherty & Luongo, P.C.
325 Chestnut Street, Suite 1108
Philadelphia, Pennsylvania  19106



Date:  July 21, 2005                              /s/ Samuel R. King
                                                  Samuel R. King